ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    Email: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>Sinbad Adkins, aka David Adkins, et al.,<br><br>    Defendants. | Case No. CV 09-09068 ODW (VBKx)<br><br>Judgment |

    Pursuant to the Stipulation to Resolve Complaint to (1) Reduce Federal Tax Assessments to Judgment, (2) Set Aside Michael Adkins as Nominee or Transferee of Sinbad Adkins, and (3) Foreclose Federal Tax Liens on Real Property, and for good cause showing:

**IT IS ORDERED**

    1.    On December 10, 2009, the United States filed its Complaint to (1) Reduce Federal Tax Assessments to Judgment, (2) Set Aside Michael Adkins as Nominee or Transferee of Sinbad Adkins, and (3) Foreclose Federal Tax Liens on Real Property (Complaint).

1

**First Cause of Action: Reduce Tax Assessments to Judgment**

2.     Sinbad Adkins, aka David Adkins, has unpaid income tax liabilities for tax years 1998 through 2006.

3.     The Complaint was filed prior to the expiration of the statute of limitations on collection for Sinbad Adkins' income tax liabilities for tax years 1998 through 2006.

4.     As of September 30, 2009, the balance due from Sinbad Adkins for his unpaid income tax liabilities for tax years 1998 through 2006 was as follows:

| Tax Year | Accrued Balance Due as of 9/30/09 |
|---|---|
| 1998 | $ 2,358,563.31 |
| 1999 | $ 1,136,001.78 |
| 2000 | $ 1,170,450.95 |
| 2001 | $ 953,757.99 |
| 2002 | $ 626,044.54 |
| 2003 | $ 542,942.27 |
| 2004 | $ 612,366.77 |
| 2005 | $ 157,934.24 |
| 2006 | $ 599,663.33 |
| Total | $ 8,157,725.18 |

5.     The balance due includes both assessed and accrued tax liabilities, additions to tax, interest, fees, and collection costs.

6.     The Court hereby orders judgment in favor of the United States of America and against Sinbad Adkins for his federal income tax liabilities in the amount of $8,157,725.18 as of September 30, 2009 for tax years 1998 through 2006, plus accrued but unassessed interest and additions to tax in accordance with the law.

2

7.      Interest on the judgment will run in accordance with the laws of the United States.

8.      This resolves the First Cause of Action in favor of the United States.

**Second Cause of Action: Set Aside Michael Adkins as Nominee**

9.      Michael Adkins holds bare legal title to the real property located at 5950 Spring Valley Road, Hidden Hills, California (the property), APN 2049-003-029, legally described as follows:

Lot 42 on Los Angeles County Assessor Map No. 65 as per Map Recorded in Book 1 Pages 19 to 24 inclusive of Assessors Maps, in the Office of the County Recorder of Said County.

10.      Michael Adkins holds title to the property as a nominee for Sinbad Adkins.

11.      This resolves the Second Cause of Action in favor of the United States.

**Third Cause of Action: Foreclose Federal Tax Liens**

12.      Sinbad Adkins has unpaid income tax liabilities for tax years 1998 through 2006.

13.      A lien for Sinbad Adkins' unpaid tax liabilities attached to the property as of the dates of assessment and continues to attach to such property.

14.      The United States is entitled to foreclose on the property.

15.      The United States shall not exercise its right to sell the property until 180 days after this Judgment is entered, unless otherwise ordered by the Court.

*Lien Priorities*

16.      When the property is sold, the parties will be paid according to their relative lien priorities as follows:

a.  First to the expenses of sale;

3

b.  Second to any unpaid real estate property taxes;

c.  Third, to JPMorgan Chase Bank, N.A. an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC as Receiver (JPMorgan) as the beneficial owner of the Deed of Trust on the property recorded June 27, 1997;

d.  Fourth, to the United States and the Franchise Tax Board on account of their notices of federal and state liens filed prior to April 8, 2005, to be distributed to the United States and the Franchise Tax Board in accordance with paragraph 16.g. below;

e.  Fifth, to Hidden Hills for unpaid home owners' association (HOA) fees related to its lien recorded April 8, 2005 in accordance with the Order entered January 26, 2010 (Docket number 12);

f.  Sixth, to the United States and the Franchise Tax Board on account of their notices of federal and state liens filed after April 8, 2005, to be distributed to the United States and the Franchise Tax Board in accordance with paragraph 16.g. below.

g.  Amounts received by the United States and the Franchise Tax Board pursuant to paragraphs 16.d. and 16.f. herein shall be distributed to the United States and the Franchise Tax Board for the outstanding tax liabilities of Sinbad Adkins, based on assessment date, and without regard to whether such amounts were received pursuant to paragraph 16.d. or 16.f.

***Duty to Prevent Waste***

17.  During the 180 days after this Judgment is entered, Sinbad Adkins will maintain the property in its present condition, and will timely pay all real property taxes, mortgage payments, and property insurance for the property. Further, Sinbad Adkins has a duty to prevent waste or damage to the property during this period.  Failure to comply with any of these requirements could result,

4

after written notification to the Court by the government, in a further order permitting the Internal Revenue Service to immediately sell the property before the expiration of the 180-day period.

***Private Sale***

18.     If the property is sold at a private sale, Sinbad Adkins will submit a request for a certificate of discharge in accordance with IRS Publication 783 (Rev. 8-2005).

***Foreclosure Sale***

19.     If the property is sold by foreclosure, the property shall be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (Area Director), or his delegate, in accordance with 28 U.S.C. §§ 2001(a) and 2002.

20.     The property shall be sold at a public sale to be held at the Los Angeles County Courthouse, 111 North Hill Street, Los Angeles, California, as follows:

a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California.  Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

b. The terms and conditions of sale shall be as follows:

i. The Internal Revenue Service shall appraise the current fair market value of the subject property (appraised value).

ii. The minimum bid shall be 75% of the appraised value.

iii. The United States of America may bid a credit against its judgment and interest thereon, costs, and expenses, without tender of cash.

5

iv.   The terms of sale as to all other persons or parties bidding shall be cash.  The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before 5:00 p.m., within three (3) days of the date of sale.

v.   Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty.  Payment of said penalty shall not be a credit on the judgment of the United States.

c.   Upon selling the subject real property, the Area Director, or his delegate, shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid.

d.   Within ten (10) days from the date of sale, the United States shall file an accounting and report of sale with the Court.

e.   If no objections have been filed within fifteen (15) days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his Deed to said purchaser.

f.   Possession of the property sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further

6

1    notice, be issued by the Clerk of this Court to compel delivery of the

2    property sold to the purchaser.

3        g.  The Area Director shall apply the proceeds of sale to expenses of sale

4    and then according to lien priority as determined above.

5        h.  If any surplus remains after making the aforesaid payments, the Area

6    Director, or his delegate, shall so report, and return and pay the

7    same into the registry of this Court for distribution by further order

8    of this Court.

9        21.   The Court will retain jurisdiction of this action for the purpose of

10   ensuring compliance with the terms of this stipulation and making proper

11   distribution of any surplus of the proceeds of sale, pursuant to the Area Director's

12   Accounting and Report of Sale, as well as resolving the remaining issues in this

13   case.

14       22.   This resolves the Third Cause of Action in favor of the United States.

15   ///

16   ///

17   ///

7

1      23.    All three Claims for Relief have been resolved and no other claims
2  remain outstanding in this case.
3  **Attorney's Fees**
4      24.    The parties shall each bear their own costs and attorney's fees.
5
6      **IT IS SO ORDERED.**
7
8  Dated:  August 12, 2010
9                                    _____
10                                    OTIS D. WRIGHT II
                                      United States District Judge
11
12  Respectfully submitted,
13  ANDRÉ BIROTTE JR.
    United States Attorney
14  SANDRA R. BROWN
15  Assistant United States Attorney
16  Chief, Tax Division
17
18  GAVIN L. GREENE
19  Assistant United States Attorney
20  Attorneys for United States of America
21
22
23
24
25
26
27
28